UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **OM SAI RAM HOSPITALITY L L C** | **CASE NO. 6:21-CV-02999** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **AMGUARD INSURANCE CO** | **MAGISTRATE JUDGE DAVID J. AYO** |

## MEMORANDUM RULING

Before the court is a Motion for Partial Summary Judgment [doc. 18] filed by defendant AmGuard Insurance Company on plaintiff's bad faith claims. Plaintiff opposes the motion. Doc. 21.

## I.
### BACKGROUND

Plaintiff owns a hotel in Ville Platte, Louisiana, which was at all relevant times insured under a commercial policy issued by AmGuard. Plaintiff alleges that the property was damaged in Hurricanes Laura and Delta, which made landfall in Southwest Louisiana in August and October 2020. Plaintiff filed suit in this court on August 26, 2021, raising claims of breach of contract and bad faith. Doc. 1. The matter proceeded through the streamlined settlement process outlined in the undersigned's Case Management Order for Laura and Delta claims, but did not resolve. It is now set for jury trial on August 14, 2023.

AmGuard moves for summary judgment on plaintiff's bad faith claims, arguing that plaintiff cannot show that it arbitrarily or capriciously withheld any amount of payment after receipt of satisfactory proof of loss. Doc. 18.

## II.
### SUMMARY JUDGMENT STANDARD

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## III.
## LAW & APPLICATION

Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity jurisdiction applies the substantive law of the forum state. *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991). Louisiana law provides that an insurance policy is a contract and that its provisions are construed using the general rules of contract interpretation in the Louisiana Civil Code. *Hanover Ins. Co. v. Superior Labor Svcs., Inc.*, 179 F.Supp.3d 656, 675 (E.D. La. 2016). The words of the policy are given their generally prevailing meaning and "interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole." *Coleman v. Sch. Bd. of Richland Par.*, 418 F.3d 511, 516–17 (5th Cir. 2005) (citing La. Civ. Code arts. 2047, 2050). Ambiguities in the policy must be construed against the insurer and in favor of coverage. *Id.* The court resolves an ambiguity by asking "how a reasonable insurance policy purchaser would construe the clause at the time the insurance contract was entered." *Id.*

Louisiana Revised Statute § 22:1892 makes an insurer liable for penalties and attorney fees in certain circumstances based on its bad faith handling of a claim. To prevail under this statute, the insured must show that (1) the insurer received satisfactory proof of loss; (2) the insurer failed to tender payment within 30 days of receiving this proof; and (3) the insurer's failure to pay is "arbitrary, capricious, or without probable cause." *Guillory v. Lee*, 16 So.3d 1104, 1126 (La. 2009). Similarly, Louisiana Revised Statute § 22:1973(B)(5) provides for an award of penalties when an insurer fails to pay within 60 days and that failure is "arbitrary, capricious, or without probable cause."

Under Louisiana law, "satisfactory proof of loss" means "only that which is sufficient to fully apprise the insurer of the insured's claims." *La. Bag Co., Inc. v. Audubon Indem. Co.*, 999 So.2d 1104, 1119 (La. 2008) (internal quotations omitted). "Louisiana decisions demonstrate that 'proof of loss' is a flexible requirement. An insurer of course must receive some kind of notice of a claim before it can act. So long as it receives enough information, the manner in which it obtains the information is immaterial." *Austin v. Parker,* 672 F.2d 508, 520 (5th Cir. 1982) (internal quotations omitted).

AmGuard shows that it retained Engle Martin & Associates ("EMA") to adjust the claim, and issued payment based on those reports within the statutory deadlines. It also emphasizes that plaintiff did not submit their own estimate until April 2022, after they had already filed suit and raised claims of bad faith. Satisfactory proof of loss, however, can also be established through the insurer's inspection of the site through its own adjuster. *JRA Inc. v. Essex Ins. Co.*, 72 So.3d 862, 881 (La. Ct. App. 4th Cir. 2011). Whether and when the insurer received "satisfactory proof of loss" sufficient to trigger its payment obligations is a question of fact. *Lamar Adv. Co. v. Zurich Am. Ins. Co.*, 2021 WL 1113451, at *9 (M.D. La. Mar. 22, 2021) (citing 15 William Shelby McKenzie & H. Alston Johnson, III, La. Civ. L. Treatise: Insurance Law and Practice § 11:5 (4th ed. 2020)).

Plaintiff presents compelling evidence of possible bad faith on the Delta claim. That storm struck Southwest Louisiana on October 9, 2020. Plaintiff reported new damage including missing shingles, roof pieces in the parking lot, water leaking in the building, and phones and lights not working due to power surge. Doc. 18, att. 22, p. 5. AmGuard dispatched an EMA adjuster who had previously advised he could not inspect the

property's roof due to its height. Doc. 18, att. 6, p. 2; *see* doc. 18, att. 3, p. 5. The adjuster issued a report making certain recommendations contingent upon an inspection of the roof. Doc. 18, att. 6, pp. 2–6. No action was taken by AmGuard, despite multiple requests from the adjuster. Doc. 21, att. 8; doc. 21, att. 9, p. 2; doc. 21, att. 10, p. 3. Finally, EMA closed the file on January 19, 2021, citing no response to its request by AmGuard. Doc. 21, att. 11, pp. 3–4. On April 23, 2021, AmGuard employee George Fink remarked in a claim note:

> The insured [showed] us two areas in the halls where water leaked into the risk. The leak damage may be associated to wind driven rain or an unseen opening in the roof. We cannot assert relationship until the roof inspection is complete.

Doc. 21, att. 3, p. 1. Mr. Fink closed the Delta claim that day, however, noting that the claim was below the deductible. *Id.* Nothing in the file reflects that a roof inspection was ever performed before the closure. *Id.* AmGuard only defends the matter based on a November 2022 report, in which its litigation consultants at last conclude that the roof damages from Hurricane Delta "were limited and able to be spot repaired." Doc. 18, att. 13, p. 27.

An insurer may violate Louisiana's bad faith statutes when it fails to adequately inspect the insured property before denying a claim. *See Jacobs v. GEICO Indem. Co.*, 256 So.3d 449, 457 (La. Ct. App. 2d Cir. 2018) (upholding bad faith verdict against GEICO based on trial evidence that its adjuster failed to thoroughly inspect a vehicle before denying a flood claim). Plaintiff's evidence creates genuine issues of material fact as to whether AmGuard turned a blind eye to potential evidence of covered losses at the hotel. Accordingly, summary judgment must be denied.

## IV.
### CONCLUSION

For the reasons stated above, the Motion for Partial Summary Judgment [doc. 18] will be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on the 6th day of July, 2023.

_____
JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**