UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **OM SAI RAM HOSPITALITY L L C** | **CASE NO.  6:21-CV-02999** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **AMGUARD INSURANCE CO** | **MAGISTRATE JUDGE DAVID J. AYO** |

### MEMORANDUM RULING

Before the court is a Motion for Partial Summary Judgment [doc. 19] filed by defendant AmGuard Insurance Company on various coverage issues. Plaintiff opposes the motion. Doc. 22.

## I.
### BACKGROUND

Plaintiff owns a hotel in Ville Platte, Louisiana, which was at all relevant times insured under a commercial policy issued by AmGuard. Plaintiff alleges that the property was damaged in Hurricanes Laura and Delta, which made landfall in Southwest Louisiana in August and October 2020. Plaintiff filed suit in this court on August 26, 2021, raising claims of breach of contract and bad faith. Doc. 1. The matter proceeded through the streamlined settlement process outlined in the undersigned's Case Management Order for Laura and Delta claims but did not resolve. It is now set for jury trial on August 14, 2023. AmGuard moves for summary judgment on certain coverage issues, namely:

(1) Plaintiff is not entitled to coverage under the policy for any "proofs of loss" submitted over 180 days after Hurricanes Laura and Delta;

 (2) Plaintiff is not entitled to coverage under the policy for one-sided future projections of business income losses;

 (3) Plaintiff is not entitled to coverage for its equipment breakdown claims;

 (4) Plaintiff is not entitled to coverage for alleged diminution of value of its property;

 (5) Plaintiff is not entitled to coverage for any increased cost of construction;

 (6) Plaintiff's claim for declaratory relief is duplicative of its claim for breach of the duty of good faith and should be dismissed.

Doc. 19. Plaintiff opposes the motion. Doc. 22.

## II.
### SUMMARY JUDGMENT STANDARD

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## III.
## LAW & APPLICATION

### A. Governing Law

Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity jurisdiction applies the substantive law of the forum state. *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991). Louisiana law provides that an insurance policy is a contract and that its provisions are construed using the general rules of contract interpretation in the Louisiana Civil Code. *Hanover Ins. Co. v. Superior Labor Svcs., Inc.*, 179 F.Supp.3d 656, 675 (E.D. La. 2016). The words of the policy are given their generally prevailing meaning and "interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole." *Coleman v. Sch. Bd. of Richland Par.*, 418 F.3d 511, 516–17 (5th Cir. 2005) (citing La. Civ. Code arts. 2047, 2050). Ambiguities in the policy must be construed against the insurer and in favor of coverage. *Id.* The court resolves an ambiguity by asking "how a reasonable insurance policy purchaser would construe the clause at the time the insurance contract was entered." *Id.*

### B. Application

#### 1. Proofs of loss submitted after 180 days

Under the policy, the insured's duties include submitting proof of loss to the insurer within 180 days of a loss arising from a catastrophic event for which a state of emergency is declared. Doc. 19, att. 3, pp. 30, 104. AmGuard thus moves to exclude claims for damages for which proof of loss was not timely provided. Specifically, it points to an estimate submitted by plaintiff and prepared by Cannon Medical, Inc. on April 12, 2022.

Doc. 19, att. 5. It also points to an estimate prepared by Pinnacle Limited on January 21, 2021, which was never produced by plaintiff and instead only obtained by AmGuard through a third-party subpoena. Doc. 19, att. 4. Both estimates describe amounts allegedly owed for repair of the covered structure and contents. Doc. 19, atts. 4 & 5. There is no dispute that AmGuard had inspected the property and prepared its own repair estimate within the 180-day time limit.

Under Louisiana law, an insurer may not set a time limit shorter than 180 days for submitting proof of loss for claims arising from catastrophic events for which a state of disaster or emergency was declared in the areas within the declaration. La. Rev. Stat. 22:1264. AmGuard's policy complies with the statute with the 180-day submission deadline. This court has held that "proof of loss need not come from the insured but may instead come from the insurer's inspection of the property." *Cameron Par. Sch. Bd. v. RSUI Indem. Co.*, 2008 4425377, at *2 (W.D. La. Sep. 29, 2008) (citing *Jonesboro Lodge v. Am. Central Ins. Co.*, 49 So.2d 740, 744 (1950)). The insured's duty can therefore be met by reporting the loss and allowing initial inspection within the 180 day period. Given the evolving nature of hurricane claims and the slow pace of recovery in a disaster area, the court can find no basis for reading either the statute or the policy as limiting the insurer's duty to pay to proofs of loss that are submitted within 180 days so long as the claim is opened and initial proof of loss established within the limitation period. Instead, the two-year limitations period for filing suit appears to provide the appropriate cutoff to establishing a dispute over coverage. Accordingly, summary judgment is denied as to this claim.

### 2. Business income projections

AmGuard next requests summary judgment on plaintiff's claim for projected business income losses. The policy provides coverage "for the actual loss of Business Income" sustained "due to the necessary suspension of . . . 'operations' during the 'period of restoration.'" Doc. 19, att. 3, p. 88. On April 14, 2022, plaintiff submitted a proof of loss letter claiming that it was owed $35,777.15 in business income and extra expense based on the following:

> As a consequence of AmGuard's failure to pay this claim in full, the Hotel has been unable to retain a contractor to restore the property to pre-storm condition. The Hotel will suffer business income loss as a result of construction that is necessary due to the damages from Hurricane Laura and Delta. An extensive business income loss analysis and supporting financial documents are provided with this correspondence, including profit and loss statements, room statistic reports with room rates and occupancy records. Cannon anticipates the hotel will close 25% of the guest rooms for approximately 120 days during the construction period.

Doc. 19, att. 19, p. 6.

The court agrees that plaintiff is generally only entitled to actual losses under its business income coverage. There is a wide gulf between plaintiff's claimed building damages and the amount paid by AmGuard, however, lending credence to plaintiff's assertion that it cannot start repairs. To the extent these repairs are found necessary and plaintiff's projected future costs are adequately documented, plaintiff should be allowed to recover under the policy's business income coverage. Accordingly, the motion will be denied as to this claim.

### 3. Equipment breakdown

Plaintiff has also made a claim based on alleged damage to a water heater and a commercial washer and dryer. AmGuard moves for summary judgment on the claim, noting that no issues were found with these machines during its adjuster's inspections and that plaintiff has still failed to present any proof of loss. The court agrees. The October 12, 2020, report from AmGuard's adjuster on plaintiff's Laura claim notes potential issues with "[t]he PTAC HVAC units and the washer and dryer," but defers to AmGuard for review. Doc. 18, att. 5, p. 5. AmGuard shows that it paid plaintiff to engage an HVAC technician on September 28, 2020. Doc. 19, att. 11. It also emphasizes that the equipment was running when its adjuster inspected the property on September 15, 2020—one month before the same adjuster advised AmGuard to conduct further investigations into equipment failure coverage. Doc. 19, att. 10. Plaintiff included invoices for repair costs allegedly incurred as a result of the storm, including to the washer and dryer, with its proof of loss package. Doc. 22, att. 17. Accordingly, plaintiff has created an issue of fact as to whether any remaining coverage is owed in this area and summary judgment should be denied.

### 4. Diminution in value and increased cost in construction

AmGuard next moves for summary judgment on plaintiff's claims for diminution in value of its property and increased cost of construction, on the grounds that no provision in the policy provides such coverage. The court finds that both items may be recovered as consequential damages under Louisiana Revised Statute 22:1973. Summary judgment is therefore denied as to these claims.

### 5. Declaratory judgment

Finally, plaintiff seeks declaratory judgment on AmGuard's duty to comply with the deadlines set forth under Louisiana's bad faith statutes. Doc. 1, p. 7. "[A] request for declaratory judgment need not be permitted if it adds nothing to the suit." *JMF Medical, LLC v. Team Health, LLC*, 490 F.Supp.3d 947, 981 (M.D. La. 2020). As AmGuard notes, the relief sought under this claim merely duplicates that sought under plaintiff's bad faith claims. Accordingly, the motion is granted as to this claim.

## IV.
### CONCLUSION

For the reasons stated above, the Motion for Partial Summary Judgment [doc. 19] will be **GRANTED IN PART** and **DENIED IN PART**.

**THUS DONE AND SIGNED** in Chambers on the 6th day of July, 2023.

JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**